David J. LEWIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 28A04–9303–CR–87.[1]

Court of Appeals of Indiana,
First District.

March 2, 1994.

---

1. This case was transferred to this office on February 1, 1994, by direction of the Chief Judge.

J.J. Paul, III, Frederick Vaiana, Symmes Voyles Zahn Paul & Hogan, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

David J. Lewis appeals his conviction after a jury trial of Robbery Resulting in Serious Bodily Injury, a Class A felony. Lewis raises four issues, but because one requires that we reverse, we address it only. Restated it is:

whether prosecutorial misconduct denied Lewis a fair trial?

## FACTS

The facts in the light most favorable to the verdict indicate that on May 17, 1989, the victim, Larry Kinnett, a Linton, Indiana car dealer, returned to Linton from the auto auctions in Indianapolis around 10:00 p.m. and went to his barn to feed his Belgian draft horses as was his usual custom. Kinnett had between $5,000.00 and $6,000.00 in cash on his person as he usually did when he returned from the auctions. At the barn, he was severely beaten and robbed of his money. Kinnett does not remember anything about the beating or robbery.

In August of 1989, Defendant Lewis was arrested for Operating While Intoxicated. Felon-witness Johnny May testified that while in jail, Lewis had stated that he and another individual had ambushed and robbed Kinnett at the barn.[2] Lewis' ex-wife, another felon-witness, testified that Lewis had made similar incriminating statements to her.[3] Another felon-witness testified that about a week after the robbery, she had seen Lewis in possession of a large amount of money, enough to buy drugs for everybody, whereas Lewis was usually indigent.[4]

Notwithstanding the above, we base our reversal of Lewis' conviction solely on the circumstances surrounding the procurement of the testimony of yet another of the State's felon-witnesses, Ruth Perry. After Lewis had been charged, but before his trial, the prosecutor's office entered into a written plea agreement with Perry which provided as follows:

> [Perry] will cooperate fully with State of Indiana, including but not limited to submitting to interviews with law enforcement officials, taking of polygraph examinations and testifying at trial for State of Indiana.

Under the agreement, the State dismissed six other charges pending against Perry and recommended that she receive the minimum sentence provided by statute.

At Lewis' trial, Perry gave testimony to rebut Lewis' alibi defense that he had been at a party at the time of the robbery. On cross-examination, the witness denied having any agreement with the prosecution. On redirect examination by the prosecutor, the witness denied that any promises had been made to induce her testimony.

Not only did Perry receive consideration in advance of her testimony under the plea agreement, the prosecution also rewarded her by joining in her petition for the reduction of her prison sentence after she testified against Lewis. At an evidentiary hearing held on this petition five weeks after Lewis' sentencing, Perry testified that she had complied with the terms of her plea agreement by cooperating with the authorities in other prosecutions. At this hearing, Lewis' prosecutor argued in support of the sentence reduction as follows:

> We would also note to the Court that the defendant has cooperated with the State of Indiana in several cases, has given evi-

---

**2.** May had been sentenced to 45 years in prison. He testified at Lewis' trial that he had not, and did not expect to, receive any consideration for his testimony. Seven days before Lewis' trial, Lewis' prosecutor entered into a joint motion with May's brother resulting in the brother's immediate release from prison.

**3.** Lewis' ex-wife gave a deposition in which she did not give any evidence incriminating Lewis in the instant beating/robbery. In fact, she testified at this deposition that Lewis was not a violent person and could not have committed the crime. At trial, she testified that she had not been truthful in her deposition. She testified further that she had not received consideration for her trial testimony, nor did she expect any. However, shortly after Lewis' trial, Lewis' prosecutor entered into a joint petition for shock probation with the ex-wife resulting in her immediate release from prison. In his verified statement in support of the motion for shock probation, Lewis' prosecutor stated that the ex-wife was deserving of shock probation because of her invaluable assistance in the prosecution of criminal offenses.

**4.** This witness testified that she had not received, and did not expect to, receive any consideration for her testimony. However, shortly after Lewis' trial, Lewis' prosecutor joined in this witness' petition for shock probation resulting in her immediate release from prison. In the hearing on the motion, the witness testified that she should receive an early release from prison because of her cooperation with the State in giving testimony against David Lewis.

dence which was crucial to the prosecution of these cases involving several drug cases. In addition, that the most latest [sic] case is the *State of Indiana vs. David Lewis.* I think it's fair to say that without the benefit of her testimony it would have been an extremely difficult task. The State of Indiana is recommending to the Court that the Court accept this Petition to Modify Sentence ...

The court granted the petition resulting in Perry's immediate release from prison. The prosecutor's testimony at the hearing held on Lewis' motion to correct error established that the only trial Perry testified in was Lewis' trial.

After trial, Lewis filed a belated motion to correct error with supporting affidavits establishing the consideration the State's felon-witnesses had received from the prosecutor. Lewis also filed the affidavits of two prospective defense witnesses who stated that, on separate occasions, the prosecutor had initiated communications with each of them before trial and threatened them with prosecution and/or vindictive sentencing should they testify on Lewis' behalf. One of these witnesses, who would have substantiated Lewis' alibi, did not testify at Lewis' trial.

■ The trial court held a hearing on Lewis' motion in which the prosecutor denied that there had been any agreements or understandings with the felon-witnesses to secure their testimony. Although the prosecutor admitted initiating the communications with Lewis' witnesses (and further admitted most of their alleged substance), he denied that his communications were threatening or were designed to discourage these witnesses from testifying on Lewis' behalf.[5] Lewis' motion was denied and this appeal ensued.

Additional facts are supplied as necessary.

## DECISION

■ Prosecutorial use of perjured testimony or testimony known to be false invokes the highest level of appellate scrutiny. *Gordy v. State* (1979), 270 Ind. 379, 385 N.E.2d 1145. The conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *Id.* Furthermore, the prosecutor has the duty to voluntarily disclose any deals made with the State's witnesses, such as promises, grants of immunity, and rewards offered in return for testimony. *Id.* Prosecutorial misconduct in this area constitutes a violation of the defendant's right to the due process of law as guaranteed under the Fourteenth Amendment of the United States Constitution. *Id.*

The function of the prosecution in our adversary system of criminal justice is to insure that justice prevails, not to procure convictions at any cost. When the prosecution exceeds the function with which it is charged, both defendant and society are wronged. Thus, appellate courts have traditionally subjected claims of prosecutorial misconduct to intensive review.

Clearly, a state may not sustain a conviction based upon testimony known to be perjured. Nor may the prosecution stand mute while testimony known to be false is received into evidence. Moreover, the latter duty does not cease merely because the false testimony goes only to the credibility of a state's witness.

*Birkla v. State* (1975), 263 Ind. 37, 323 N.E.2d 645, 648.

■ The credibility of felon-witnesses is highly suspect. *Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684, 686–86. Such witnesses were incompetent at common law. *Id.* The jury should have the evidence related to any consideration a felon-witness receives in exchange for testifying on behalf of the State. *Id.* Such influence further impairs the credibility of a felon-witness. *Id.* The jury's estimate of the truthfulness and reliability of a witness may well be determinative of guilt or innocence, and it is upon

---

5. A prosecutor may not discourage a defense witness from testifying. *Diggs v. State* (1988), Ind., 531 N.E.2d 461, 464. Regardless of the prosecutor's good intentions, a prosecutor's warning of criminal charges during a personal interview with a prospective defense witness constitutes prosecutorial misconduct which denies a criminal defendant due process guaranteed by the Fifth and Fourteenth Amendments as well as the Sixth Amendment right to compel witnesses in his favor. *Id.* We can perceive of no appropriate basis for the prosecutor's communications with the defense witnesses as outlined above.

such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend. *Birkla,* 263 Ind. 37, 323 N.E.2d 645. Thus, when the prosecution relies on the testimony of a felon-witness, evidence of any understanding or agreement as to consideration the witness receives for testifying must be disclosed to the jury. *Id.*

■ Lewis has established prosecutorial misconduct with respect to the procurement of the testimony of felon-witness Ruth Perry. The State had an express, written agreement for Perry's testimony before Lewis' trial. The agreement was not disclosed. On the prosecutor's examination of Perry at Lewis' trial, Perry denied under oath the existence of any agreement for her testimony.

■ No direct evidence linked Lewis to the crime. The evidence against him was supplied almost entirely by felon-witnesses who received consideration which was not disclosed to the jury for their testimony.[6] Moreover, Lewis has established the material nature of Perry's testimony by the prosecutor's own statement at Perry's sentence reduction hearing as set out in the FACTS section above. Lewis' prosecutor admitted that Lewis' conviction would have been difficult without Perry's testimony. Therefore, the prosecution's failure to disclose Perry's plea agreement for her testimony, as well as the subornation of her perjurious denial that she had an agreement with the State for her testimony, constitutes a violation of due process requiring reversal.

Judgment reversed.

BAKER and HOFFMAN, JJ., concur.

---

6. Lewis concedes that our supreme court has held that disclosure is only required for express, confirmed agreements for testimony, citing *Lopez v. State* (1988), Ind., 527 N.E.2d 1119, 1128, 1129. He suggests that if *Lopez* "stands for the rule that the prosecution is free to enter into tacit 'wink-and-nod agreements,' 'unfinalized' negotiations for testimony, to be 'finalized' shortly after the trial, this law needs reexamination in light of the facts presented in this case." (Lewis' appellant brief p. 29). Lewis suggests further that once the prosecutor has established his quid pro quo policy for testimony, express confirmed agreements are unnecessary and tacit agreements will suffice. Lewis' criticism of the law is well-taken, especially considering that our United States Supreme Court has held that due process requires that any understanding regarding consideration for testimony be disclosed. *Giglio v. United States* (1972), 405 U.S. 150, 155, 92 S.Ct. 763, 766, 31 L.Ed.2d 104; *Accord Birkla v. State* (1975), 263 Ind. 37, 323 N.E.2d 645, 648.