**Donald L. MYERS, II, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 38A02–9902–PC–94.**

Court of Appeals of Indiana.

Oct. 27, 1999.

Dale E. Hunt, Muncie, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Donald L. Myers appeals the denial of his petition for post-conviction relief and sentence modification. Myers raises three issues on appeal, which we restate as:

I. Whether the post-conviction court erred by denying Myers' petition for post-conviction relief.

II. Whether the court abused its discretion by denying Myers' request that his sentence be modified.

III. Whether Myers was denied due process.

We affirm.

Myers was convicted of two counts of child molesting and was sentenced to thirteen years imprisonment. This court affirmed Myers' convictions and sentence on direct appeal. *Myers v. State,* 659 N.E.2d 269 (Ind.Ct.App. 1995). Myers filed a petition for post-conviction relief and sentence modification. The post-conviction court denied Myers' request for post-conviction relief and sentence modification. This appeal ensued.

### I.

#### *Post-conviction Relief*

■ Myers contends that the trial court erred by denying his petition for post-conviction relief. Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind. 1993), *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

Myers sought relief essentially on three grounds. First, Myers alleged that the deputy prosecutor instructed the victim's sister to testify falsely at his trial. Second, Myers argued that the trial court committed fundamental error by preventing witnesses from testifying that the victim and her sister had previously stated that their natural father (Myers is their step-father) had molested them. Third, Myers alleged that the victim was mentally ill and inherently unreliable as a witness at the time of trial. The post-conviction court concluded that Myers was not entitled to relief.[1]

1. The post-conviction court also questioned the timeliness of Myers' petition. However,

On appeal, Myers first argues that he was entitled to relief based upon evidence discovered after his trial indicating that the deputy prosecutor had instructed the victim's sister to testify falsely at trial. As proof of this allegation, Myers submitted the affidavit of C.M., the victim's sister. The affidavit stated, in pertinent part:

> 4. Before the trial started [the victim] and I met with [the deputy prosecutor] and he spent about an hour or two with [the victim] and about 15 minutes to half an hour with me. During that time he told me what questions he would ask me and what he thought the other attorney might ask me. At that time he also told me to tell the truth.
>
> 5. On the day that I testified in front of the jury, [the deputy prosecutor] had a conversation with me alone before I testified. In that conversation he told me that if I was asked by the other lawyer if any one went over my testimony with me, I was to answer no.
>
> 6. I was asked that question in front of the jury and I answered no. The correct answer was yes, but, I was afraid not to answer as [the deputy prosecutor] told me to.

Record at 256–57. Myers contends that C.M.'s sworn statement establishes prosecutorial misconduct, and that the appropriate remedy is vacation of his conviction.

■ "Prosecutorial use of perjured testimony or testimony known to be false

invokes the highest level of appellate scrutiny. The conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Lewis v. State*, 629 N.E.2d 934, 937 (Ind.Ct.App.1994) (citation omitted). A prosecutor may not remain silent while testimony known to be false is received into evidence. *Id.* This duty remains the same even where the false testimony goes solely to the credibility of a State witness. *Id.* We assume for the sake of argument that C.M.'s affidavit proves that C.M. testified falsely at trial and that the deputy prosecutor knowingly used her perjured testimony.[2] However, it remained Myers' burden in a post-conviction proceeding to prove that it was reasonably likely that C.M.'s false testimony could have affected the judgment of the jury. Myers failed to meet this burden.

■ Myers contends that the credibility of the State's witnesses was crucial given that it was his word against the victim's as to whether he molested her. However, Myers' argument is weakened by the fact that C.M. was not the victim. Moreover, Myers failed to provide any information regarding the details of C.M.'s testimony at trial so that the post-conviction court could determine the effect her testimony had on the jury. Myers failed to introduce a transcript of her trial testimony at the post-conviction hearing. As Myers himself has noted, the post-conviction court was precluded from taking judicial notice of the

---

the court's written findings establish that the court did not rest its decision on Myers' delay in filing the petition. The court considered the merits of Myers' petition and concluded that Myers was not entitled to relief. Because we affirm the post-conviction court on the merits, we need not consider Myers' argument that his petition was timely.

2. The State argues that the affidavit provides no evidence of prosecutorial misconduct. In paragraph four, C.M. states that the deputy prosecutor "told [her] what questions he would ask [her] and what he thought the other attorney might ask." Record at 256. In paragraph five, C.M. states that the deputy prosecutor "told [her] that if [she] was asked by the other lawyer *if any one went over [her]*

*testimony* with [her], [she] was to answer no." *Id.* at 256 (emphasis added). The State contends that the statement in paragraph four indicates that the deputy prosecutor did not "go over" C.M.'s testimony with her. Rather, according to the State, the statement in paragraph four indicates only that the prosecutor went over questions that might be asked, not what C.M.'s testimony would be. Thus, the State concludes that C.M. did not testify falsely when she testified that no one went over her *testimony* with her. However, we need not determine the meaning of C.M.'s allegations since we are assuming that C.M. indeed testified falsely at the deputy prosecutor's urging.

transcript of the evidence from the original proceedings. *State v. Lime*, 619 N.E.2d 601, 604 (Ind.Ct.App.1993), *trans. denied.* Without C.M.'s trial testimony, it is impossible to determine what impact it might have had on the jury and, in turn, how important C.M.'s credibility as a witness was. Myers failed to prove that the jury's judgment could have been affected by C.M.'s false testimony that no one had gone over her testimony with her.

■ Next, Myers argues on appeal that he was entitled to relief because the trial court prevented witnesses from providing testimony that would have been beneficial to Myers. Myers' argument on this point is neither cogent nor supported by adequate citation as it consists of only a few scattered sentences in his brief. His argument is waived. Ind. Appellate Rule 8.3(A)(7); *Mitchell v. Stevenson*, 677 N.E.2d 551, 558 n. 3 (Ind.Ct.App.1997), *trans. denied.*

■ Finally, Myers argues that his conviction should be vacated because "the entire state's case rest[s] on the credibility of a mentally ill child." Appellant's Brief at 24. Myers bases his contention that the victim is "mentally ill" on the fact that she was admitted to a hospital with a diagnosis of depression and post traumatic stress disorder several months after Myers' conviction. Even if depression and post traumatic stress disorder could be considered "mental illness," Myers' argument is wholly without merit. The evidence established only that the victim suffered from these conditions several months after Myers' trial, not at the time the victim testified. Moreover, unsoundness of mind does not disqualify a witness *per se*. *Crider v. Crider*, 635 N.E.2d 204, 214 (Ind.Ct. App.1994), *trans. denied.* Myers has not shown that the victim was incompetent at the time she testified. The trial court did not err by denying Myers' petition for post-conviction relief.

## II.

### *Modification*

Myers contends that the court abused its discretion by refusing to modify his sentence. Myers sought modification pursuant to IND.CODE § 35–38–1–23 (1998) (repealed 1999 Ind. Acts 1132, P.L. 183–1999, § 4). IC 35–38–1–23 provides:

(a) Notwithstanding IC 35–50–2–2, a person may petition the sentencing court for a reduction of sentence if:

(1) the person has been sentenced to more than four (4) years imprisonment;

(2) the person is in credit Class I;

(3) there are less than two (2) years remaining until the person's earliest possible release date computed by including Class I credit time;

(4) the person has successfully completed:

(A) an educational program other than a program described under IC 35–50–6–3.3;

(B) a vocational program; or

(C) a substance abuse program;

that the department has determined to be appropriate; and

(5) the person has demonstrated a pattern of behavior consistent with evidence of rehabilitation.

(b) Upon the filing of a petition under subsection (a), the court may reduce the sentence of the person by up to two (2) years upon a finding that:

(1) all conditions of subsection (a)(1) through (a)(5) exist; and

(2) reduction of the sentence is in the best interests of justice.

(c) The court may grant or deny the petition without a hearing.

(d) The court shall make written findings when an initial petition is granted or denied, whether or not a hearing was held. The court is not required to make written findings when a subsequent petition from the same person is granted or denied.

Myers contends that he met all of the necessary requirements under this statute to entitle him to a sentence modification and that the court abused its discretion by refusing to modify his sentence.

 Subsection (b) of IC 35–38–1–23 provides that the court "may" reduce the sentence if it finds certain conditions have been met. Thus, the statute vests the sentencing court with discretion to determine whether a person's sentence should be reduced. We will reverse a court's decision regarding modification only upon a showing of abuse of discretion. An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993).

 Here, the court found that Myers has done well in prison and deserves praise. However, the fact that Myers has done well while in prison is not enough under IC 35–38–1–23 to mandate the reduction of his sentence. The sentencing court must also find that "reduction of the sentence is in the best interests of justice." IC 35–38–1–23(b)(2). The court determined that the seriousness of Myers' crime and the fact that Myers refused to make any explanation for the crime warranted that he serve the entire length of his original sentence. In essence, it found that the best interests of justice would not be served by reducing Myers' sentence. We cannot conclude that this was an abuse of the court's discretion.

 Myers protests that permitting the court to deny a modification on these grounds effectively repeals IC 35–38–1–23. We cannot agree. In enacting IC 35–38–1–23, the legislature created a procedure under which a trial court has the option of reducing a person's sentence when exceptional circumstances exist so as to justify a reduction. The statute cannot be read as an entitlement, as the determination of whether a "reduction of the sentence is in

the best interests of justice" is by its very nature a subjective inquiry. The heinousness of a person's crime alone can serve as the basis for denying a sentence reduction under this statute, and Myers' molestation of his step-daughter was undoubtedly heinous. The court did not abuse its discretion in denying Myers' petition for a sentence modification.

### III.

### *Due Process*

 Myers argues that the court denied him due process. First, Myers contends that the court erred by taking judicial notice of the presentence investigation report from his original proceeding. Prior to Myers' post-conviction hearing, the court obtained a copy of the presentence investigation report. At the hearing, the court asked Myers questions regarding the information contained in that report. It is apparent from the court's comments both during and at the conclusion of the hearing that it considered the presentence investigation report in rendering its decision. Accordingly, Myers correctly asserts that the court took judicial notice of the presentence investigation report, although the court never expressly indicated it was doing so. Myers is also correct that the court erred by taking judicial notice of the report. *See* Ind. Evidence Rule 201 (court may take judicial notice only of facts that are not subject to reasonable dispute); *Kennedy v. Jester*, 700 N.E.2d 1170, 1173 (Ind.Ct.App.1998) (judicial notice may not be taken of the record from a different case).

 Myers failed to object to the court's use of the report at his hearing. Generally, this failure to object would result in waiver. *State v. Peters*, 637 N.E.2d 145, 150 n. 3 (Ind.Ct.App.1994); *Jackson v. State*, 485 N.E.2d 144, 145 (Ind.Ct.App. 1985), *trans. denied.* However, Myers also contends that the court denied him due process by taking judicial notice of the report. Accordingly, we will consider

Myers' claim as one of fundamental error. *See Wilson v. State,* 514 N.E.2d 282, 284 (Ind.1987).

To qualify as fundamental error, an error must be a clear and substantial blatant violation of basic and elementary principles that renders a proceeding unfair. *Townsend v. State,* 632 N.E.2d 727, 730 (Ind.1994). In determining whether an alleged error rendered a judicial proceeding unfair, we must consider whether the resulting harm or potential for harm is substantial. *Id.* We look to the totality of the circumstances and decide whether the error had a substantial influence upon the outcome. *Id.*

In the context of Myers' petition for post-conviction relief, the court's use of the presentence investigation report had no impact whatsoever. Myers sought relief based on the prosecutor's knowing use of perjured testimony, the trial court's refusal to admit certain evidence favorable to Myers, and the alleged incompetency of the victim as a witness. The post-conviction court used the presentence investigation report to ask Myers questions about his criminal background, whether Myers had a problem with alcohol or marijuana, and what Myers' opinion was of the crime he committed. These questions were related to whether Myers' sentence should have been modified, not his post-conviction relief petition.

With respect to the impact of the court's use of the report on the modification proceeding, we conclude that it did not have a substantial influence on the outcome. As indicated above, the court denied the modification, in part, because of the seriousness of Myers' crime. This alone was enough to justify the denial of a modification, and the court was not even required to hold a hearing in order to reach this conclusion. *See* IC 35–38–1–23(c). While the court's use of the report may have provided additional reason for denying the modification, we cannot say

that its use rendered the proceeding unfair or that it altered the outcome.

Finally, Myers argues that the judge failed to act in a neutral and detached manner. Myers' argument on this issue is unfocused and fails to cite a single case. It is waived. App. R. 8.3(A)(7); *Mitchell,* 677 N.E.2d at 558 n. 3. Waiver notwithstanding, we have thoroughly reviewed the record, and we conclude that the judge demonstrated no bias or prejudice against Myers. It is true that the judge asked Myers difficult questions and that these questions were based, in part, on the court's erroneous use of the presentence investigation report. However, the court is permitted to interrogate witnesses. Ind. Evidence Rule 614(b). Furthermore, the outcome of the proceeding was not affected by the court's use of the presentence investigation report. The fact that the proceeding did not end in a result favorable to Myers does not demonstrate the court's bias. Myers was not denied due process.

Affirmed.

NAJAM, J., and RUCKER, J., concur.