**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 23 2012, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**EDWIN D. CALLIGAN**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EDWIN D. CALLIGAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1108-CR-400 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy A. Davis, Judge
Cause No. 02D04-9901-CF-1

**July 23, 2012**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**BROWN, Judge**

Edwin D. Calligan, *pro se*, petitions for rehearing following our memorandum decision affirming the trial court's denial of his motion to correct erroneous sentence. Calligan raises two issues which we consolidate and restate as whether this court erred in affirming the trial court's denial of his motion to correct erroneous sentence. We grant rehearing and affirm our original decision.

On appeal, Calligan argued that the trial court erred in ordering that his sentences be served consecutive with each other because there were no aggravating circumstances specified in the sentencing order. In our initial opinion, we held that we could not say based upon the court's sentencing order alone that the trial court did not find any aggravating circumstances. Calligan v. State, No. 02A03-1108-CR-400, slip op. at 7 (Ind. Ct. App. February 29, 2012). We pointed out that "[t]he Indiana Supreme Court has held that '[t]he approach employed by Indiana appellate courts in reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court.'" Id. (quoting McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007)). We held that resolution of the issue raised by Calligan's motion to correct erroneous sentence "necessarily requires consideration of factors outside of the face of the judgment. Specifically, to determine whether the trial court identified an aggravating circumstance to support the imposition of consecutive sentences, it is necessary to examine the transcript from the sentencing hearing." Id. at 7-8. We also noted that the record did not contain a transcript of the sentencing hearing. Id. at 8 n.2.

In his petition for rehearing, Calligan argues that he was denied a full and fair review of his appeal after this court held that an appellate court could examine both the

written sentencing statement and the oral statements in reviewing a sentence, found that the record did not contain a transcript of the sentencing hearing when in fact a copy of the transcript was a part of the record on appeal, and failed to examine the sentencing transcript. Calligan contends that "[i]f upon rehearing, it is not deemed that the Court applied the wrong standard of review to Calligan's claim, he respectfully requests that this Court, in its decision, clearly and concisely set forth which standard of review it applied." Petition for Rehearing at 3.

With respect to the transcript of the sentencing hearing, we observe that while Calligan's appendix does not contain such a transcript and the table of contents in his brief does not indicate that he included a transcript, his appellant's brief does indeed include a copy of the transcript of the sentencing hearing. Nevertheless, the inclusion of such a transcript does not alter the outcome because the transcript does not constitute the formal judgment of conviction. To the extent that Calligan claims that this court held that sentencing transcripts could be examined to determine a sentence and then improperly failed to examine the sentencing transcript, we disagree. This court cited McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007), Corbett v. State, 764 N.E.2d 622, 631 (Ind. 2002), and Strong v. State, 538 N.E.2d 924, 929 (Ind. 1989), for the proposition that appellate courts can examine both a trial court's written and oral sentencing statements. Slip op. at 7. However, McElroy, Corbett, and Strong all addressed a direct appeal and not a motion to correct erroneous sentence. As mentioned in our initial opinion, a motion to correct erroneous sentence is available only when the sentence is erroneous on its face. Robinson v. State, 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). "[A] motion to

3

correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ." Neff v. State, 888 N.E.2d 1249, 1251 (Ind. 2008). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. See Robinson, 805 N.E.2d at 787. "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." Id. Because resolution of the issue requires consideration of factors outside of the face of the judgment, we cannot say that the trial court abused its discretion by denying Calligan's motion to correct erroneous sentence. Lastly, to the extent that Calligan requests that this court set forth the standard of review, we observe that our initial opinion stated the standard as follows:

> We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. Fry v. State, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Myers v. State, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999).

Slip op. at 4.

For the foregoing reasons, we grant rehearing and reaffirm our previous decision.

MAY, J., and CRONE, J., concur.