**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 10 2014, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ROY AUSTIN SMITH**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROY AUSTIN SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1312-CR-1091 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. CR81-017E

**September 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Roy Austin Smith appeals the trial court's denial of his motion to correct erroneous sentence. We affirm.

## FACTS

In 1982, Smith was convicted of murder and was found to be an habitual offender. He was sentenced to an executed term of sixty years for the murder, enhanced by thirty years for the habitual offender finding. On September 18, 1984, our Supreme Court affirmed his conviction and sentence. Smith v. State, 468 N.E.2d 512 (Ind. 1984). On September 21, 2007, Smith filed a pro se petition for post-conviction relief. On September 11, 2012, the post-conviction court denied Smith's petition, and on May 23, 2013, this Court affirmed the denial of the petition. Smith v. State, No. 49A02-1209-PC-783, memo op. (Ind. Ct. App. May 23, 2013). On December 9, 2013, approximately thirty years after his murder conviction and sentencing, Smith filed a motion to correct erroneous sentence. The trial court denied his motion the same day. Smith now appeals.

## DISCUSSION AND DECISION

We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. Fry v. State, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Myers v. State, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999).

Smith argues that the trial court erred in denying his motion to correct erroneous sentence and contends that his sentence is illegal because his penalty was increased without the jury finding aggravating factors beyond a reasonable doubt.

Notwithstanding this contention, Smith's claims are not properly presented in a motion to correct erroneous sentence. It is true that an inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-38-1-15.[1] Neff v. State, 888 N.E.2d 1249, 1250-51 (Ind. 2008). However, in Robinson v. State, 805 N.E.2d 783 (Ind. 2004), our Supreme Court addressed the difference between a motion to correct erroneous sentence and a petition for post-conviction relief, holding that:

> When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied.

Id. at 787. In other words, claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. Id. Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." Id.

---

[1] Indiana Code section 35-38-1-15 provides: "If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence."

Here, Smith's allegation that his sentence is illegal because his penalty was increased without the jury finding aggravating factors beyond a reasonable doubt requires consideration of matters outside the face of the sentencing judgment. Therefore, we find that a motion to correct erroneous sentence was an improper vehicle for Smith's arguments.

We also note that, as this argument was available to Smith at the time he filed his petition for post-conviction relief, and he failed to raise it, it is waived in subsequent post-conviction proceedings. See Poling v. State, 740 N.E.2d 872, 884 (Ind. Ct. App. 2000). Moreover, when reaching the substance of Smith's argument, we find that it is without merit. Smith argues that Blakely v. Washington, 542 U.S. 296 (2004), should be retroactively applied to his case to afford him relief. In Blakely, the Supreme Court of the United States held that defendants have a Sixth Amendment constitutional right to have a jury, prior to sentencing, determine all punishment-increasing facts. Id. Smith argues that the sentence violated his Sixth Amendment right to a jury because his penalty was increased without the jury finding aggravating facts beyond a reasonable doubt. However, our Supreme Court held in Smylie v. State that it would only apply Blakely to cases on direct review at the time Blakely was announced. 823 N.E.2d 679, 690-91 (Ind. 2005). As Smith's direct appeal was decided in 1984, his case would not have been on direct review in 2004, when Blakely was announced. Smith, 468 N.E.2d at 512. Therefore his argument also fails on the merits.

4

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.