## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 22 2015, 9:04 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

James W. Hamilton
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James W. Hamilton,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

December 22, 2015

Court of Appeals Cause No.
32A01-1508-CR-1201

Appeal from the Hendricks
Superior Court

The Honorable Mark A. Smith,
Judge

Trial Court Cause No.
32D04-0909-FA-7

**Barnes, Judge.**

# Case Summary

James Hamilton appeals the trial court's denial of his motion for modification of sentence. We affirm.

# Issue

Hamilton raises two issues, which we consolidate and restate as whether the trial court properly denied his motion for modification of sentence.

# Facts

In September 2009, the State charged Hamilton with two counts of Class A felony dealing in cocaine or a narcotic drug, Class C felony dealing in a Schedule IV controlled substance, two counts of Class C felony possession of cocaine or a narcotic drug, and Class D felony possession of a Schedule IV controlled substance. In May 2011, Hamilton pled guilty to Class B felony dealing in cocaine or a narcotic drug, and the State dismissed the remaining charges. The plea agreement provided for a sentence of 7,300 days with 5,110 days suspended, fourteen days of credit, 2,190 days served on work release, and 4,010 days of probation. The plea agreement also provided: "Upon any probation violation of any kind, Mr. Hamilton must serve the entire suspended sentence of 5,110 days at the Indiana Department of Corrections (not work release or home detention). Mr. Hamilton may not petition the court for early release of probation." Appellant's Br. p. 13.

After only a couple weeks on work release, Hamilton tested positive for cocaine and tried to bribe a correctional officer to "pull" the screen. *Hamilton v. State*,

No. 32A05-1110-CR-599, slip op. at 3 (Ind. Ct. App. July 16, 2012). The trial court revoked Hamilton's placement in work release, revoked his probation, and ordered him to serve 7,272 days at the Indiana Department of Correction. Hamilton appealed the revocation of his probation, and we affirmed.[1] *See id.* at 11.

[5] On May 14, 2015, Hamilton filed a petition for modification of his sentence. Hamilton argued, in part, that the provision in the plea agreement requiring the imposition of the entire suspended sentence upon any probation violation was a "waiver of his right to a sentence modification" and was invalid under the newly amended Indiana Code Section 35-38-1-17(1). The State objected to Hamilton's petition to modify his sentence. After a hearing, the trial court denied Hamilton's petition. The trial court concluded:

> The Court, having considered the evidence and arguments does now find that the Defendant's request to modify his sentence should be denied. To be sure, it seems as if the Defendant has been active in taking steps to improve his self while incarcerated. For this he is to be commended. However, even taking these things into account, the Defendant has received some benefit already by virtue of the 5-month time cut he received. Additionally, the Defendant has only served about 21% of the executed portion of his sentence taking into account his time cut.

---

[1] Hamilton also filed a petition for post-conviction relief challenging his guilty plea, claiming prosecutorial misconduct, and arguing that his trial counsel and appellate counsel were ineffective. The post-conviction court denied the petition, and we affirmed the denial. *Hamilton v. State*, No. 32A01-1403-PC-128 (Ind. Ct. App. Dec. 16, 2014).

Furthermore, the Court finds that the Defendant's reliance on the newly amended I.C. § 35-38-1-17 is misplaced. The Defendant's plea agreement does not contain an express waiver against sentence modification of the kind contemplated by the statute. A "waiver" is an intentional relinquishment of a known right. Here, the Defendant did not waive a right to modify, but instead agreed to serve an agreed sentence upon a violation. The provision in the plea agreement prohibiting the Defendant from seeking an early release from probation became moot once the Court revoked probation at the time of violation hearing. Moreover, even if I.C. § 35-38-1-17(1) is applicable, it's clear the Indiana Legislature did not intend for the prohibition against waiver to be absolute. The express language of the statute makes clear that a finding of waiver of the right to modify may occur for any other reason.

[6] App. p. 31. Hamilton filed a motion to reconsider, which the trial court also denied. Hamilton now appeals.

## Analysis

[7] Hamilton argues that the trial court abused its discretion by denying his petition for modification of sentence. "We review a trial court's decision to modify a sentence only for abuse of discretion." *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Myers v. State*, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999).

Indiana Code Section 35-38-1-17[2] provides in part:

> (e)  At any time after:
>
>> (1)  a convicted person begins serving the person's sentence; and
>
>> (2)  the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.
>
> * * * * *
>
> (l)  A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions of this section.

---

[2] Indiana Code Section 35-38-1-17 was amended effective July 1, 2014, to add the language of subsection (l). *See* P.L.158-2013, § 396 (eff. July 1, 2014); P.L.168-2014, § 58 (eff. July 1, 2014).  The statute was then amended to apply to a person who commits an offense or is sentenced before July 1, 2014.  *See* P.L.164-2015, § 2 (May 5, 2015).

[9] According to Hamilton, the probation violation provision of his plea agreement violated Indiana Code Section 35-38-1-17(l). The plea agreement provided: "Upon any probation violation of any kind, Mr. Hamilton must serve the entire suspended sentence of 5110 days at the Indiana Department of Corrections (not work release or home detention). Mr. Hamilton may not petition the court for early release of probation." Appellant's Br. p. 13. Hamilton violated his probation, and the trial court sentenced him accordingly. When Hamilton filed his request for a sentence modification, the trial court concluded that the plea agreement provision was not invalidated by Indiana Code Section 35-38-1-17(l).

[10] Our primary goal in interpreting statutes is to determine and give effect to the Legislature's intent. *Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012). The best evidence of that intent is a statute's text. *Id.* The first step is therefore to decide whether the Legislature has spoken clearly and unambiguously on the point in question. *Id.* When a statute is clear and unambiguous, we must apply the plain and ordinary meaning of the language. *Id.* There is no need to resort to any other rules of statutory construction. *Id.* As a result, we need not delve into legislative history if no ambiguity exists. *Id.* But a statute is ambiguous when it admits of more than one reasonable interpretation. *Id.* In that case, we resort to the rules of statutory construction so as to give effect to the Legislature's intent. *Id.* For example, we read the statute as a whole, avoiding excessive reliance on a strict, literal meaning or the selective reading of individual words. *Id.* In a criminal case, we construe an ambiguous statute in favor of the defendant. *Id.*

The clear language of Indiana Code Section 35-38-1-17(l) prohibits only the waiver of the right to sentence modification as part of a plea agreement. Hamilton did not agree in his plea agreement to waive a right to sentence modification; rather, he agreed to serve a certain sentence upon a probation violation. The statute specifically "does not prohibit the finding of a waiver of the right to sentence modification for any other reason . . . ." I.C. § 35-38-1-17(l). Consequently, Hamilton's argument fails.

Moreover, even if the provision of the plea agreement was invalid under Indiana Code Section 35-38-1-17(l), Hamilton was not guaranteed a modification of his sentence. The trial court commended Hamilton for taking classes to better himself. However, the trial court also noted that Hamilton had been awarded a five-month time cut, that he had a lengthy criminal history and a history of violating his probation, that he had five conduct violations between January 2012 and December 2014, and that he had served only twenty-one percent of the executed portion of his sentence. Hamilton has not shown that the trial court abused its discretion by denying his petition for modification of his sentence.

## Conclusion

The trial court did not abuse its discretion by denying Hamilton's petition for modification of his sentence. We affirm.

Affirmed.

Robb, J., and Altice, J., concur.