## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 18 2018, 10:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Marlon M. Banks
Albion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marlon M. Banks, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | January 18, 2018 <br><br> Court of Appeals Case No. <br> 20A05-1612-CR-2872 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Stephen R. Bowers, Judge <br><br> Trial Court Cause No. <br> 20D02-0504-FC-68 |

**Bradford, Judge.**

# Case Summary

In 2006, Appellant-Petitioner Marlon M. Banks was convicted of twelve counts of Class C felony forgery. He was subsequently sentenced to an aggregate term of forty-four years, with thirty years executed in the Department of Correction and fourteen years suspended to probation. We affirmed Banks's sentence on direct appeal in 2007, and, in 2015, affirmed the denial of Banks's petition for post-conviction relief ("PCR").

Since July of 2014, Banks has filed five sentence-modification petitions. The last of these petitions was filed on November 7, 2016. Banks appeals from the denial of this last petition, arguing that the trial court abused its discretion in denying the petition. Because we disagree, we affirm.

# Facts and Procedural History

Our decisions in Banks's prior direct appeal, which was handed down on May 17, 2007, and appeal from the denial of his PCR petition, which was handed down on April 28, 2015, instruct us to the underlying facts and procedural history leading to this appeal.

> Between March 12, 2002, and October 23, 2003, Banks used his computer to print fake payroll checks using various actual and phony company names. Banks made the fake checks out to different individuals whom he had recruited and who received a monetary payment and sometimes drugs in return for cashing the fake checks. The individuals had no knowledge of each other, and on only a few occasions were the checks cashed at the same institution.

On April 1, 2005, [Appellee-Respondent the State of Indiana ("the State")] charged Banks with twelve counts of class C felony forgery…. On March 2, 2006, a jury found Banks guilty as charged. On April 17, 2006, a sentencing hearing was held…. The trial court found no mitigating factors and one aggravating factor, Banks'[s] criminal history.

*Banks v. State*, 20A03-0609-CR-442 *1 (Ind. Ct. App. May 17, 2007) (bracketed material added). The trial court sentenced Banks to "an aggregate sentence of forty-four years; thirty years executed with fourteen years suspended to probation." *Id*. at *2. We subsequently affirmed Banks's sentence on direct appeal. *Id*. at * 3.

[4]     On December 15, 2010, Banks filed a pro-se [PCR petition.] The post-conviction court conducted hearings on July 28, 2011, August 29, 2012, and September 11, 2012. On January 30, 2014, the post-conviction court entered its findings of fact, conclusions, and order denying Banks [PCR]. Banks filed a motion to correct error, which was denied.

*Banks v. State*, 20A04-1403-PC-102 * 1 (Ind. Ct. App. April 28, 2015) (bracketed material added). On April 28, 2015, we affirmed the denial of Banks's PCR petition. *Id*. at *6.

[5]     Banks filed subsequent sentence-modification petitions on July 11, 2014, May 4, 2015, November 30, 2015, April 25, 2016, and November 7, 2016. The trial court denied each of these petitions. This appeal follows the trial court's denial of the November 7, 2016 petition.

# Discussion and Decision

[6] Banks contends the trial court erred in denying his November 7, 2016 sentence-modification petition. We will reverse a trial court's decision regarding whether to grant a request to modify of one's sentence "only upon a showing of abuse of discretion." *Myers v. State*, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999). "An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before the court." *Id*.

[7] The relevant portion of Indiana Code section 35-38-1-17 provides as follows:

> (j) This subsection applies only to a convicted person who is not a violent criminal. A convicted person who is not a violent criminal may file a petition for sentence modification under this section:
> > (1) not more than one (1) time in any three hundred sixty-five (365) day period; and
> > (2) a maximum of two (2) times during any consecutive period of incarceration;
> without the consent of the prosecuting attorney.

Furthermore, this statute expressly applies "to a person who: (1) commits an offense; or (2) is sentence; before July 1, 2014." Ind. Code § 35-38-1-17(a).

[8] It is undisputed that for the purposes of this case, Banks is not a violent criminal. The record in this case reveals that since July of 2015, Banks has filed five sentence-modification petitions. The first two petitions were filed within one 365-day period. The second, third, and fourth petitions were also filed within one 365-day period, as were the third, fourth, and fifth petitions. In

addition, all five have been filed within one consecutive period of incarceration. The record further reveals that the prosecuting attorney did not consent to any of Banks's petitions.

[9] Given the Indiana General Assembly's clear intent as to retroactive application of Indiana Code section 35-38-1-17, we see no reason why the limits for permissible requests to modify one's sentence set forth therein would not apply to Banks. The November 7, 2016 petition clearly exceeded the statutorily proscribed limits. For this reason, we conclude that the trial court did not abuse its discretion in denying Banks's November 7, 2016 petition. *Vazquez v. State*, 37 N.E.3d 962, 964 (Ind. Ct. App. 2015) (providing that the trial court properly dismissed Vazquez's petition for a modification of his sentence because Vazquez exceeded the authorized number of filings). This conclusion is further supported by the fact that Banks did not obtain the required consent for filing the numerous petitions from the prosecuting attorney.

[10] The judgment of the trial court is affirmed.

Robb, J., and Crone, J., concur.