**Wayne H. STAHL, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 3–1085–A–289.

Court of Appeals of Indiana,
Third District.

Sept. 22, 1986.

Ted A. Waggoner, Peterson & Waggoner, Rochester, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

A jury found Wayne Stahl (Stahl) guilty of two counts of child molesting. One count involved acts committed against K1, a female child under 12 years of age, and the other count involved acts committed against her sister K2, a child less than 16 years of age. As a result of these convictions, Stahl was sentenced by the trial court to consecutive prison terms of five (5) and two (2) years.

In this appeal, Stahl raises the following three issues:

(1) Whether the children's exception to the hearsay rule under West's AIC 35–37–4–6 is sufficiently like the excited utterance hearsay exception, so that a statement made after repeated questionings would be inadmissible;

(2) Whether the notice requirement of IC 35–37–4–6 (e) can be satisfied by disclosures contained in the State's Record of Discovery; and

(3) Whether it was reversible error for the trial court to refuse to grant a mistrial for alleged discovery violations.

Affirmed.

## I.

### Hearsay Exception

The acts which resulted in Stahl's convictions occurred while he was living in the home of Mrs. B., mother of K1 and K2. Authorities became aware of K1's molestation on March 22, 1985, after the first grader informed her teacher about Stahl's behavior. The teacher called the school principal who, in turn, contacted Mrs. Burke, a Fulton County Department of Public Welfare caseworker. On March 25, 1985, a meeting took place at the school where the principal and Mrs. Burke talked to K1 about what had happened. Following that meeting, Mrs. Burke requested that K1, her mother, and sister go to the police station so that formal statements could be taken. At the station, Mrs. Burke again interviewed K1, this time with police officer Dennis Reichard present. The interview was videotaped, and it was played for the jury during Stahl's trial.

The premise of Stahl's argument is that K1's videotaped statements are hearsay and, but for the children's exception under IC 35–37–4–6, they would be inadmissible as evidence. Stahl then contends that the justification for the children's statutory hearsay exception is analogous to the excited utterance hearsay exception in that a statement is inherently more trustworthy if it is spontaneous rather than the product of long consideration. Stahl's conclusion is that since K1's videotaped statements were made three days after she first told her teacher about the incidents of child molestation, her statements were not like excited utterances. The interviews at the school and at the police station which occurred before the videotaping, removed any spontaneity from her statements. Therefore, according to Stahl's logic, the indicia of reliability attributed to excited utterances, and by analogy to the children's hearsay exception, is missing here, and the video-

tape should not have been admitted into evidence.

We do not find Stahl's argument convincing because his logic is faulty. The children's exception to the hearsay rule contained in IC 35–37–4–6 is not analogous to the excited utterance exception in the way Stahl suggests, and in the face of that fact, Stahl's argument is untenable.

Hearsay is in court evidence of a statement which was made out of court, such evidence being offered to show the truth of the matter asserted. The value of such evidence rests on the credibility of the out of court asserter, *Plan-Tec, Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212, 1231, and as a rule, hearsay is generally not admissible into evidence. There are many exceptions, however. One of the exceptions is an excited utterance, which is a statement describing or explaining an event or condition made while the declarant was under the stress of excitement caused by the event or condition. Fed.R.Evid. 803(2). A commentator has suggested that the excited utterance exception is justified because the excitement of the event or condition may suspend the declarant's powers of fabrication providing circumstantial evidence of trustworthiness. A spontaneous out of court declaration given reflexively and without a motive to fabricate may be more reliable than testimony given on the witness stand, which occurs at a time when the powers of reflection are operative and personal interest is greatest. Seidman, *The Law of Evidence in Indiana* 132–133 (1977).

The children's exception to the hearsay rule was not created by the federal rules of evidence, rather it is a creature of our state legislative process. In relevant part, it provides as follows:

(a) This section applies to criminal actions for the following:

(1) Child molesting (IC 35–42–4–3).

* * * * * *

(b) A statement or videotape that:

(1) is made by a child who was under ten (10) years of age at the time of the statement or videotape;

(2) concerns an act that is a material element of an offense listed in subsection (a) that was allegedly committed against the child; and

(3) is not otherwise admissible in evidence under statute or court rule;

is admissible in evidence in a criminal action for an offense listed in subsection (a) if the requirements of subsection (c) are met.

c) A statement or videotape described in subsection (b) is admissible in evidence in a criminal action listed in subsection (a) if, after notice to the defendant of a hearing and of his right to be present:

(1) the court finds, in a hearing:

(A) conducted outside the presence of the jury; and

(B) attended by the child;

that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability; and

(2) the child:

(A) testifies at the trial; or

(B) is found by the court to be unavailable as a witness ...

IC 35–37–4–6.

Justifications for this exception to the hearsay rule are that it is highly unlikely that children persist in lying to their parents or other figures of authority about sex abuse, and that children do not have enough knowledge about sexual matters to lie about them. Note, *A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases*, 83 Colum.L.Rev. 1745, 1751 (1983). We also note that the statute itself, in subsection c, requires a hearing to be conducted inquiring into time, content, and circumstances of the statement before it can be admissible. The hearing affords a trial court an opportunity to consider the competency and credibility of the child, as well as the circumstances surrounding the out of court statement to ensure its reliability. *See, Buttram v. State* (1978), 269 Ind. 598, 604, 382 N.E.2d 166, 170, *reh. den.* (when a court has an opportunity to ob-

serve general maturity, intelligence and demeanor of a child, its determination of a child's competence to testify will only be reviewed for an abuse of discretion).

■ Thus, the excited utterance and the children's exception to the hearsay rule are similar only in that they both may be admissible as evidence if they have sufficient indicia of reliability to enable a trial court to pass on the trustworthiness of the proffered statements. The exceptions, however, are not analogous in the manner Stahl suggests because the rationale for allowing each exception is different. Whereas the excited utterance relies on spontaneity to provide its trustworthiness, the children's exception relies on the safeguards afforded by a hearing to ensure that the statement in question is trustworthy. Therefore, the lack of spontaneity between the child's first molestation revelation and the time that statement is videotaped, standing alone, does not render the statement inadmissible under IC 35–37–4–6.

## II.

### Notice

After three witnesses had testified at Stahl's trial, the State requested a preliminary hearing to determine the admissibility of K1's videotaped statement. Stahl objected on the grounds that he was not provided with proper notice that the State intended to introduce the videotape into evidence. The objection was overruled.

The notice requirement contained in IC 35–37–4–6 is as follows:

(e) A statement or videotape may not be admitted in evidence under this section unless the prosecuting attorney informs the defendant and the defendant's attorney of:

(1) his intention to introduce the statement or videotape in evidence; and

(2) the content of the statement or videotape;

within a time that will give the defendant a fair opportunity to prepare a response to the statement or videotape before the trial.

Stahl's complaint is that he was not given notice that the videotape was to be introduced before trial. The State's counterargument is that adequate notice to Stahl was contained in the State's Record of Discovery, which was filed before trial commenced.

The State's Record of Discovery reported that it provided Stahl with this information:

2. Videotaped statements were taken form [sic] K1 and K2 which are avilable [sic] for viewing by the defense upon adequate prior arrangement.

(R. 17).

In addition, the record of discovery also listed K1, K2, their mother, and Police Officer Reichard as possible witnesses. Their testimony was summarized as follows:

The two daughters will testify as to the acts as alleged in the probable cause affidavit. Mrs. B. is listed as a witness for possible background information concerning the timing of the events, duration of time which the defendant lived with them, opportunity, etc.

Officer Reichard is a potential witness for the purpose of the statements taken from the victims if some issue arises whereby the prior statements may be offered into evidence.

(R. 17).

■ We believe that the above quoted portions of the record of discovery, although not models of clarity, were sufficient to substantially comply with the notice requirements of the statute. We believe that the State's intention to introduce the videotape was substantially disclosed in the State's Record of Discovery since the State revealed it had videotaped statements, and that it was prepared to have Officer Reichard testify should there be a problem with the admissibility of those statements. The content of the statements was also substantially disclosed by incorporating by reference the probable cause affidavit, and it was clear that the videotape was available for Stahl's viewing upon request. The State's Record of Discovery was filed in April and since the trial was

not scheduled until August, Stahl had a fair opportunity to prepare a response before trial. In fact, Stahl viewed the videotape twice before trial.

Moreover, in order to demonstrate reversible error, it is well settled that both error and prejudice must be shown. *Brummett v. Pilotte* (1979), 181 Ind.App. 135, 140, 390 N.E.2d 705, 708 (in order for reversal, opposing party must show that he was prejudiced by admission of evidence claimed to be erroneous). In his brief, Stahl did not intimate how he was prejudiced by the admission of the videotape, and in retrospect, it would be difficult to make such an argument since K1 and K2 both testified in court, without objection, about Stahl's acts of molestation.

### III.

### *Mistrial*

At the preliminary hearing held outside the presence of the jury to decide the admissibility of the videotape, the State called Mrs. Burke, K1's caseworker, to testify about the circumstances surrounding the videotaped statements. Stahl objected on the grounds that the State did not list Mrs. Burke as a potential witness and thus violated a discovery order to list all witnesses. In addition, Stahl complains that a written report made by Mrs. Burke was not made available to him and moved for a mistrial. That motion was denied.

A proper response when a defendant is confronted with a "surprise witness" is to move for a continuance. *Johnson v. State* (1979), 179 Ind.App. 28, 33, 384 N.E.2d 1035, 1038. Although continuance is an appropriate remedy when the State calls a witness who was not listed in a discovery request, if the state's action is so misleading or demonstrates bad faith, a more drastic remedy may be the only way to avoid a denial of a fair trial. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 485. Moreover, a defendant must show prejudice to be entitled to any remedy. *Borst v. State* (1984), 459 N.E.2d 751, 753, *trans. den.* (Hoffman, J., dissenting on other grounds).

In the instant case, other than Stahl's conclusory claims, there is nothing in the record which indicates that the State in any way acted in bad faith or impeded Stahl's right to a fair trial. In addition, we have not been told how Stahl was prejudiced by the admission of Burke's testimony. *Id.* Officer Reichard, who was listed as a witness also testified at the hearing regarding the circumstances surrounding the videotaping of K1's statements, so Burke's testimony was merely cumulative.

We also note that at the preliminary hearing, Stahl failed to seek a continuance when Burke was called as a witness. In another case where the State called witnesses who were not listed in its pretrial discovery, the defendant's failure to seek a continuance caused him to waive any alleged error. *Raymer v. State* (1978), 177 Ind.App. 696, 700, 381 N.E.2d 109, 112. Based on *Raymer,* Stahl has similarly waived his claim by not requesting a continuance.

Stahl also claims that the State failed to provide him with a copy of the report prepared by caseworker Burke. By statute, such reports are confidential, but a court may order disclosure under West's AIC 31–6–11–18(a)(8). Since the trial court's discovery order at ¶ 8(a) did not require any disclosure of any matter protected by law, Stahl's claim for a mistrial based on the State's alleged discovery violations is not persuasive. *Chambers v. State* (1981), Ind., 422 N.E.2d 1198, 1204, *reh. den.* (decision to grant a mistrial is discretionary with the trial court).

Affirmed.

HOFFMAN, J., concurs.

GARRARD, J., concurs in result.