**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**MARK F. JAMES**
Anderson, Agostino & Keller P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| A.R.M., | ) | |
| | ) | |
|     Appellant-Respondent, | ) | |
| | ) | |
|         vs. | ) | No. 71A05-1111-JV-613 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
|     Appellee-Petitioner. | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
Cause No. 71J01-1102-JD-104

**June 7, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

A.R.M. appeals his adjudication as a delinquent child for committing child molesting, as a Class C felony when committed by an adult, and battery, as a Class B misdemeanor when committed by an adult. A.R.M. presents a single issue on appeal, namely, whether the juvenile court admitted a videotape of an interview with the victim contrary to the provisions of Indiana Code Section 35-37-46-6, the Protected Person Statute ("PPS"). We hold that the juvenile court did not err when it determined that the child victim's videotaped statement to a forensic interviewer was reliable and that, on the facts presented, the child victim had testified at the fact-finding hearing, which was equivalent to the trial required by the PPS.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In February 2011, T.M. and her four children lived with friends in South Bend. One of the friends had two teenage children, including A.R.M., who was then thirteen years old. T.M.'s youngest child, S.M., was seven years old at the time. On February 8, A.R.M.'s mother was looking for him at bedtime and found him in the bathroom. A.R.M. was clothed, but he was handling the zipper/button area and waistband of his jeans. S.M. had just been in the bathroom with A.R.M., and he sat down in the hallway outside the bathroom with his head hanging down. A.R.M.'s mother demanded from A.R.M. to know what had happened.

T.M. heard the voices and stood in the bathroom doorway with A.R.M.'s mother. When T.M. asked S.M. if "anything [had] happened between" S.M. and A.R.M. and "if there was any inappropriate touching involved," transcript at 28-29, S.M. nodded yes.

After finding alternate housing, T.M. and her children moved out of A.R.M.'s home two days later, and on February 14 they moved to the Y.W.C.A. T.M. reported the incident to personnel at the Y.W.C.A., who in turn relayed her report to DCS. And on February 16, a CASIE Center[1] forensic interviewer conducted an interview of S.M. The State filed a petition alleging A.R.M. to be a juvenile delinquent for having committed child molesting, as a Class C felony, when committed by an adult. The State later filed an amended delinquency petition to add an allegation that A.R.M. had committed battery, as a Class B misdemeanor, when committed by an adult.

On August 2, the juvenile court convened for the fact-finding hearing. When the State offered into evidence the videotaped statement S.M. had given to the CASIE Center interviewer, A.R.M. objected that the State had not met the requirements of the Protected Person Statute, Indiana Code Section 35-37-4-6.[2] As a result, the juvenile court first heard evidence on the admissibility of S.M.'s videotaped statement under the PPS.

S.M. testified at the hearing but, when the State asked him about the February 8 incident in the bathroom with A.R.M., S.M. answered that he could not remember anything. At the conclusion of the State's direct examination, A.R.M. was given an

---

[1] The CASIE Center is the St. Joseph County Child Abuse Center. CASIE stands for Child Abuse Services Investigation and Education.

[2] The PPS is also known as the child hearsay statute.

opportunity to cross-examine the victim but declined and moved for a directed verdict.[3] Following argument by counsel and recesses to allow the juvenile court to research the matter, the juvenile court ruled that S.M.'s videotaped statement was admissible, and it denied the motion for a "directed verdict." The court then heard additional evidence and viewed the videotaped statement. The following day, the juvenile court issued an order finding that the State had proved the allegations in the delinquency petition beyond a reasonable doubt.

On August 16, A.R.M. filed a motion requesting the juvenile court to certify its fact-finding order for interlocutory appeal. The juvenile court obliged on August 17, but this court denied A.R.M.'s request to accept jurisdiction over the appeal. On November 1, the juvenile court held a dispositional hearing and adjudicated A.R.M. to be a delinquent child for having committed the offenses of child molesting, as a Class C felony, and battery, as a Class B misdemeanor, and committed him to the Indiana Department of Correction for placement at the Indiana Boys School. A.R.M. now appeals.

**DISCUSSION AND DECISION**

A.R.M. contends that the juvenile court abused its discretion because it admitted S.M.'s videotaped statement from the CASIE Center contrary to the Protected Person Statute. Specifically, A.R.M. contends that the videotape did not meet the standard under the PPS to be reliable and that the State did not meet the requirement of having S.M.

---

[3] A party may move for judgment on the evidence under Trial Rule 50 in civil proceedings, such as a juvenile delinquency proceeding, not a motion for directed verdict, but only in a jury trial. A.R.M.'s motion for a "directed verdict" is more properly a motion for dismissal under Trial Rule 41. See Bowyer v. Ind. Dep't of Natural Res., 944 N.E.2d 972, 981 n.10 (Ind. Ct. App. 2011).

4

testify or showing, through medical testimony or other evidence, that S.M. was unavailable to testify at the fact-finding hearing. We conclude that the juvenile court did not abuse its discretion when it determined that the videotape was reliable and that S.M. testified at the fact-finding hearing. As such, the State satisfied the requirements of the PPS for the videotape to be admitted at the fact-finding hearing.

The PPS provides, in relevant part:

(a) This section applies to a criminal action involving the following offenses where the victim is a protected person under subsection (c)(1) or (c)(2):

    (1) Sex crimes (IC 35-42-4).

    (2) Battery upon a child (IC 35-42-2-1(a)(2)(B)).

* * *

(c) As used in this section, "protected person" means:
    (1) a child who is less than fourteen (14) years of age;

* * *

(d) A statement or videotape that:
    (1) is made by a person who at the time of trial is a protected person;
    (2) concerns an act that is a material element of an offense listed in subsection (a) or (b) that was allegedly committed against the person; and
    (3) is not otherwise admissible in evidence;

is admissible in evidence in a criminal action for an offense listed in subsection (a) or (b) if the requirements of subsection (e) are met.

(e) A statement or videotape described in subsection (d) is admissible in evidence in a criminal action listed in subsection (a) or (b) if, after notice to the defendant of a hearing and of the defendant's right to be present, all of the following conditions are met:

    (1) The court finds, in a hearing:

(A) conducted outside the presence of the jury; and
(B) attended by the protected person in person or by using closed circuit television testimony as described in section 8(f) and 8(g) [IC 35-37-4-8(f) and IC 35-37-4-8(g)] of this chapter;

that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability.

(2) The protected person:

(A) testifies at the trial; or
(B) is found by the court to be unavailable as a witness for one (1) of the following reasons:

(i) From the testimony of a psychiatrist, physician, or psychologist, and other evidence, if any, the court finds that the protected person's testifying in the physical presence of the defendant will cause the protected person to suffer serious emotional distress such that the protected person cannot reasonably communicate.
(ii) The protected person cannot participate in the trial for medical reasons.
(iii) The court has determined that the protected person is incapable of understanding the nature and obligation of an oath.

Ind. Code § 35-37-4-6. The PPS applies in juvenile delinquency cases. J.A. v. State, 904 N.E.2d 250, 255 (Ind. Ct. App. 2009), trans. denied. And the statute applies in this case because S.M. was a victim of a sex crime, Ind. Code § 35-37-4-6(a)(1), and was under fourteen years of age, Ind. Code § 35-37-4-6(c).

Further, the decision to admit statements under the Protected Person Statute will not be reversed absent a showing of a manifest abuse of discretion by the trial court

6

resulting in the denial of a fair trial. Mishler v. State, 894 N.E.2d 1095, 1099 (Ind. Ct. App. 2008) (citing M.T. v. State, 787 N.E.2d 509, 511 (Ind. Ct. App. 2003). An abuse of discretion occurs only when the trial court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court. Id. (citing Myers v. State, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999)).

Before we consider the merits of A.R.M.'s claims, we must consider the State's claim that A.R.M. waived his challenge to the admissibility of the videotaped statement by failing to include the same in the record on appeal. In support the State cites Davis v. State, 935 N.E.2d 1215 (Ind. Ct. App. 2010), where we held that "[i]t is a defendant's duty to present and adequate record clearly showing the alleged error, and where he fails to do so, the issue is waived." Id. at 1217. We agree with the State that the preferred course would be to include in the record on appeal all juvenile evidence so as to aid our review. But, except for the narrow exception discussed below, the issues on appeal concern whether the procedural requirements of the PPS were followed and do not require review of the videotape itself. The State does not show how review of the videotaped statement in this case is necessary to review of the procedural issues raised by A.R.M., nor does it argue that such is necessary. Therefore, the State has not shown that A.R.M.'s failure to include the videotaped statement hinders our review. As such, A.R.M. has not waived review, and we consider the merits of A.R.M.'s issues on appeal. However, as discussed below, any argument based on the content of the videotape is waived.

A.R.M. first contends that the admission of S.M.'s videotaped statement to the CASIE interviewer does not meet the reliability requirements under the PPS. Again, the statute requires the juvenile court to determine whether a statement is reliable by holding a hearing outside the presence of the jury on the admissibility of the tape, and the protected person must attend the hearing in person or via closed circuit television testimony.[4] Ind. Code § 35-47-4-6(e)(1). The hearing affords a juvenile court an opportunity to consider the competency and credibility of the child, as well as the circumstances surrounding the out of court statement to ensure its reliability. See Stahl v. State, 497 N.E.2d 927, 929 (Ind. Ct. App. 1986). Considering the evidence admitted at the hearing, the juvenile court must determine whether "the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability." Ind. Code § 35-37-4-6(e)(1).

> In challenging the reliability of the videotape, A.R.M. contends that
>
> the testimony of [S.M.'s] mother suggests a clear opportunity for the victim to [have been] coached. She believed an incident [had] occurred between the victim and A.R.M. She testified that the victim "agreed with her" when she questioned him about anything that [had] occurred between the victim and A.R.M. Additionally, because over a week passed between the alleged incident and the video, the victim's statement is not spontaneous.

Appellant's Brief at 5-6. But "the lack of spontaneity between the child's first molestation revelation and the time that statement is videotaped, standing alone, does not render the statement inadmissible under [Indiana Code Section] 35-37-4-6." Stahl, 497 N.E.2d at 930. And the fact that S.M.'s mother, immediately after the incident and in the

---

[4] The hearing regarding the admissibility of the out-of-court statement may be held in a hearing before the trial date and before a jury is convened or, instead, it may be held outside the presence of the jury after a jury trial has been convened. The present case implicates the latter situation but in a juvenile court setting without a jury.

hallway outside the bathroom, asked S.M. whether something happened and he nodded to agree does not, without more, indicate coaching. Indeed, A.R.M.'s mother had already been asking A.R.M. what had happened after realizing that he and S.M. had been in the bathroom together.

There is no evidence that T.M. discussed the incident with S.M. again before S.M. was interviewed at the CASIE Center, let alone coached him. Further, the CASIE Center interviewer testified regarding her extensive training and experience in conducting child interviews like the one at issue in this case. Thus, the setting and circumstances of the videotape do not weigh against a finding of reliability. Because the tape was not submitted as part of the record on appeal, we cannot review it to consider the content of the tape, and any argument regarding reliability based on the content of the videotape is waived. Therefore, on the record before us, we cannot say that the juvenile court abused its discretion when it determined that the time, content, and circumstances of the videotape provide sufficient indications of reliability.[5] See Ind. Code § 35-37-4-6(e)(1).

A.R.M. next contends that the juvenile court erred when it admitted the videotape because S.M. did not testify at the fact-finding hearing and was not found to be unavailable to testify under the PPS. Again, the relevant part of the PPS provides that, once a statement is determined to be reliable, it may be admitted into evidence at the trial if:

> (2) The protected person:

---

[5] A.R.M. does not assert that his rights under the Confrontation Clause were violated in this case. Nevertheless, we observe that A.R.M.'s counsel had the opportunity to cross-examine S.M. and could have played the videotaped statement and examined S.M. on the merits of S.M.'s statements. But A.R.M.'s counsel instead rested after moving for a directed verdict.

(A) testifies at the trial; or
(B) is found by the court to be unavailable as a witness
for one (1) of the following reasons:

> (i) From the testimony of a psychiatrist, physician, or psychologist, and other evidence, if any, the court finds that the protected person's testifying in the physical presence of the defendant will cause the protected person to suffer serious emotional distress such that the protected person cannot reasonably communicate.
> (ii) The protected person cannot participate in the trial for medical reasons.
> (iii) The court has determined that the protected person is incapable of understanding the nature and obligation of an oath.

Ind. Code § 35-37-4-6(e)(2).

Here, although the admissibility of the videotape was the focus of the first part of the fact-finding hearing, the parties treated the entirety of the fact-finding hearing as the "trial" contemplated in the PPS. S.M. testified at the hearing, and immediately after that examination, A.R.M. moved for a "directed verdict." S.M.'s inability to recall the incident does not change the fact that he testified. And, as noted above, A.R.M. had the opportunity to cross-examine S.M. but declined to do so. As such, we conclude that S.M. testified at the fact-finding hearing, and subsection (e)(2) of the PPS was satisfied.[6]

In sum, A.R.M. has not shown that the juvenile court abused its discretion when it determined that S.M.'s videotaped statement to the CASIE Center interviewer was

---

[6] Because we conclude that S.M. testified as contemplated in Section 35-37-4-6(e)(2)(A), we need not consider A.R.M.'s argument that the State failed to show that S.M. was unavailable to testify at the trial under Section 35-37-4-6(e)(2)(B).

reliable. And S.M. testified at the fact-finding hearing. The requirements under the PPS for admission of S.M.'s videotaped statement at the CASIE Center were satisfied. Therefore, A.R.M. has not shown that the trial court abused its discretion when it admitted S.M.'s videotaped statement under the PPS, and we affirm the adjudication that A.R.M. is a juvenile delinquent for having committed the offenses of child molesting, as a Class C felony, and battery, as a Class B misdemeanor.[7]

We affirm.

RILEY, J., and DARDEN, J., concur.

---

[7] Because we conclude that the requirements under the PPS for admission of the videotape were satisfied in this case, we need not consider the State's alternative argument that, even if the PPS requirements had not been satisfied, the videotape was properly admitted under Evidence Rule 803(5). However, we pause to note that such argument would not have prevailed. "The recorded recollection exception applies when a witness has insufficient memory of the event recorded, but the witness must be able to 'vouch for the accuracy of the prior [statement].'" Kubsch v. State, 866 N.E.2d 726, 734-35 (Ind. 2007), cert denied, 553 U.S. 1067 (2008). No such vouching testimony was elicited from S.M. in this case.